IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**GEORGE K. SUSICK,**

    Petitioner,

v.                                           Case No. 5:23cv050-TKW/MAF

**STATE OF FLORIDA,**

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

On or about February 28, 2023, Petitioner George K. Susick, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and exhibits, challenging a detainer in Bay County Circuit Court case number 16-1551-CFMA. ECF No. 1. After direction from this Court, ECF No. 4, Susick filed an amended petition with attachments. ECF No. 5.

On July 24, 2023, Respondent filed a motion to dismiss the amended petition as successive. ECF No. 12. Respondent also filed exhibits. *Id*.

On or about August 24, 2023, Petitioner Susick filed a "Motion to Point Out and Assistance in District Court of Appeal." ECF No. 16. He also filed a reply to the motion to dismiss. ECF No. 17.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings before the Court show the petition should be dismissed as it is an unauthorized successive petition.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Susick indicates he challenges the validity of a detainer issued by the State of Florida in the Fourteenth Judicial Circuit, Bay County, case number 16-1551-CFMA.  ECF No. 5 at 9, 11; *see* ECF No. 10.  He is currently incarcerated at the U.S. Penitentiary in Terre Haute, Indiana.  *See* ECF No. 5 at 1, 105; ECF No. 12 at 2.  According to the website for the Federal Bureau of Prisons, Susick's release date is February 13, 2024.  *See* https://www.bop.gov/inmateloc/.

In his amended petition, Susick raises two grounds:

(1) "My detainer is for failure to appear" and "[t]he probation violation warrant has been executed since Sept 2017 I.A.D.A. was not requested on V.O.P."  ECF No. 5 at 9.

>   (2) "Executed VOP warrant" and triggered "due process rights, making it mandatory to honor an I.A.D.A. request on F.T.A.," where "the detainer says 'to answer the charges found and no pending in said county court for, failed to appear" and "[t]he judge never withdrew the VOP warrant max term of probation has expired." *Id*. at 11.  Susick explains he has "a lot of filings trying to get [a] reasonably prompt revocation hearing." *Id*.

He indicates that he previously filed a § 2241 petition in federal court, "on all the constitutional violations" and he "wish[es] to only challenge the validity of the detainer with this." *Id*. at 7.  He explains he filed the § 2241 petition in the Southern District of Indiana, where it was assigned case number 2:22cv087-JRS-MJD, and it was "dismissed for lack of jurisdiction with direction to file a 2254 here" and "the U.S. Attorney agreed with me." *Id*.  He has provided copies of the court's order and judgment. *Id*.; *see id*. at 27-35.

Respondent has filed a motion to dismiss this § 2254 petition as successive.  ECF No. 12.  Respondent explains Susick previously filed a habeas petition in this Court, Susick v. State of Florida, No. 5:22cv171-TKW/MJF, alleging the State of Florida was violating his right under the Fourteenth Amendment and the Interstate Agreement of Detainers Act (IADA) by not providing him with a hearing on the violation of probation (VOP) charges. *Id*. at 5.  Respondent explains the magistrate judge issued a Report and Recommendation, finding that Susick had not stated a plausible claim for relief under § 1983, § 2241, or § 2254, and recommending

the petition be dismissed.  *Id*.  The district judge adopted the Report and Recommendation and dismissed the petition.  *Id*.  Respondent indicates this earlier habeas petition was pending at the same time as Susick's § 2241 was pending in the Southern District of Indiana.  *Id*. at 6.

Indeed, a review of this Court's case management system reveals that, in the earlier petition, Susick challenged the same detainer he challenges in this instant petition.  *See* Susick v. State of Florida, No. 5:22cv171-TKW/MJF, ECF Nos. 1 ("Petition for a Preliminary Injunction and Request for 1983 Packet"), 3 (Report and Recommendation filed Sept. 9, 2022).  The Court dismissed that § 2254 petition on September 26, 2022.  *Id*. ECF Nos. 5 (Order), 6 (Judgment).  Susick filed a notice of appeal, *id*. ECF No. 7, but by order on November 29, 2022, the Eleventh Circuit Court of Appeals dismissed the case for failure to prosecute, *id*. ECF No. 11

## **Analysis**

Petitioner Susick has not shown a jurisdictional basis for this habeas action.  He challenges the same detainer that he challenged in his prior petition, Susick v. State of Florida, No. 5:22cv171-TKW/MJF.  In the Report and Recommendation in that case, the magistrate judge explained that "Susick's petition has no statutory label – it does not indicate whether it is brought under the civil rights statute, 42 U.S.C. § 1983, or the habeas corpus

statute, 28 U.S.C. §§ 2241 or 2254," but recommended the district court "summarily dismiss Susick's petition because his allegations do not give rise to a plausible claim for relief under either remedial framework." Susick v. State of Florida, No. 5:22cv171-TKW/MJF, ECF No. 3 at 1.

This Court cannot consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition); *see also* Rule 9, Rules Gov. § 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). *See also* 28 U.S.C. § 2244(b)(2)(B); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1260 (11th Cir. 2009) (explaining "[t]he stringent requirements that a petitioner must meet before being allowed to assert a claim in a second habeas petition because of newly discovered facts about events that

occurred before the filing of the first petition are contained in § 2244(b)(2)(B)" and "the proper procedure would be to obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition").

"Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins, 557 F.3d at 1259. Nothing indicates Petitioner Susick has obtained such an order from the Eleventh Circuit. Therefore, this § 2254 petition should be dismissed for lack of jurisdiction.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 12, be **GRANTED**, and Petitioner Susick's § 2254 petition, ECF No. 1, be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition**. The Clerk shall terminate Petitioner Susick's "Motion to Point Out and Assistance in District Court of Appeal," ECF No. 16.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue in objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 12, be **GRANTED**, and Petitioner Susick's amended

§ 2254 petition, ECF No. 5, be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition**.  The Clerk shall terminate Petitioner Susick's "Motion to Point Out and Assistance in District Court of Appeal," ECF No. 16.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 26, 2023.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 5:23cv050-TKW/MAF